Morgan Ricketts (Bar No. 268892)
**RICKETTS & YANG**
540 El Dorado Street #202
Pasadena CA 91101
Telephone: (213) 995-3935
Facsimile: (213) 995-3963
Email: morgan@rickettsandyang.com

Jerold D. Friedman (Bar No. 290434)
LAW OFFICE OF JEROLD D. FRIEDMAN
17515 Spring-Cypress Rd. Suite C-360
Cypress, TX 77429
Telephone: (281) 810-8812
Facsimile: (281) 667-3506
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZILA MAHGEREFTEH, an individual; PATRICIA MONTORO, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF TORRANCE, a municipal entity; JOYCE CHAN, an individual; NICHOLAS P. REA, an individual; and DOES 1-20, inclusive, <br><br> Defendants. | Case No.: 2:17-cv-02835 CBM (JCx) <br><br> *Hon. Consuelo B. Marshall* <br> *Ctrm. 8B, 8th Fl.* <br><br> **ORDER RE MODIFIED STIPULATION FOR PROTECTIVE ORDER** |

The parties have submitted a Stipulated Protective Order, Docket Entry No. 22 ("Stipulation"), seeking an Order protecting confidential, proprietary or private information produced or exchanged in discovery.

The Court, having reviewed the Stipulation, and good cause appearing, hereby GRANTS the Stipulation with the following modifications:

1. Paragraph 2.15 & Exhibit A are modified to replace "2:16-cv-8781" with "2:17-cv-02835-CBM-JC".

2. Paragraph 3, entitled "SCOPE" is modified to read as follows:

This Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Further, as set forth in Section 12.3, below, this Stipulated Protective Order does not entitle the parties to file confidential information under seal. Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party

after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial

3. Paragraph 5(b) is modified to change "Testimony" (which appears five times) to "testimony".

4. The second line of Paragraph 6.1 is modified to add "consistent with the Court's Scheduling Order(s)" after "at any time".

5. In the fourth line of the last (unnumbered) subparagraph of Paragraph 8, the following is added after "Designating Party's permission": "or unless otherwise required by the law or court order."

6. Paragraph 9(c) is modified to read as follows:

If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

///

7. Paragraph 12.3 is modified to read as follows:

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

IT IS SO ORDERED.

DATED: November 28, 2017  _____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE